### TWAMLEY v. McKENNELL.

(Supreme Court, Appellate Division, First Department. · April 8, 1910.)

PLEADING (§ 166*)—NEW MATTER IN ANSWER—NECESSITY OF REPLY.

Where the only possible interest of one suing to determine the validity of a will which devised to a trustee the property, a portion of the income of which was to be paid the son, remainder to the trustee, was through the death of the son, who died without issue, complainant, under Code Civ. Proc. § 516, authorizing the court in its discretion to compel a reply to new matter contained in the answer and set up as a defense by way of avoidance, must reply to an answer asserting that the trustee and the son agreed that, if the son consented to the probate of the will, the trustee was to be set over all the property, together with all the accumulations derived therefrom, to the son at the expiration of five years, provided the son re-

frained from the use of intoxicating liquors, and that the son, though accepting the benefits of the agreement, had failed to comply therewith, since, if the agreement was valid, the complainant had no standing to maintain the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. § 166.*]

Appeal from Special Term, New York County.

Action by Peter Twamley against Thomas A. McKennell, impleaded with others. From an order denying a motion to compel plaintiffs to reply to new matter in the answer, McKennell appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George H. Taylor, Jr., for appellant.

Nelson L. Keach, for respondent.

McLAUGHLIN, J. Some time prior to the 26th of October, 1908, one Jane Thorburn died, leaving a last will and testament and a codicil thereto, which were thereafter admitted to probate and letters testamentary issued to the executor therein named, the appellant. By the will the testatrix gave all of her property, both real and personal, to the appellant, a grandnephew, in trust to pay to her son, David Abbott Thorburn, from the income derived therefrom, the sum of $10 per week during the term of his natural life, and upon his death the remainder to the appellant. The son was the testatrix's only heir at law and next of kin. He died intestate without issue on the 15th of August, 1909. The plaintiff is a nephew of the testatrix and brings this action under section 2653a of the Code of Civil Procedure to determine the validity of the will and codicil. In the complaint he alleges that he is "one of the heirs at law and next of kin" of the testatrix. The appellant sets up as a defense that after the death of the testatrix an agreement was entered into between the son and the appellant, whereby the former consented to the probate of the will and codicil of his mother, and the latter agreed to assign, transfer, and set over all of the property of the testatrix, together with all the accumulations derived therefrom, to the son at the expiration of five years after the admission of the will to probate, provided the son in the meantime had refrained from the use of intoxicating liquors and drugs and proved himself capable of properly using and enjoying the estate. The agreement also provided that the appellant in the meantime would pay to the son, out of the income derived from the trust estate, the sum of $15 per week instead of $10, the amount named in the will. The answer further alleges that the son failed to observe the conditions of the agreement, although he accepted the benefits thereunder and ratified the same up to the time of his death. After issue had been joined, the appellant moved that the plaintiff be compelled to reply to the affirmative defense referred to. The motion was denied, and he appeals.

I am of the opinion the motion should have been granted. The only possible interest which the plaintiff has in the estate of the testatrix is such as he may have derived through the son. When the testatrix died, the plaintiff was not one of the heirs at law or next of kin. He would have had no standing to oppose the probate of her will, since the son was her only heir at law and next of kin, and during his life plaintiff could not have maintained an action to determine the validity of the will, because he would not have been a "person interested as devisee, legatee or otherwise, * * *" in her will or "interested as heir at law, next of kin or otherwise" in her estate. If the agreement pleaded as a defense is valid, then the plaintiff has now no standing to maintain this action. Code Civ. Proc. § 516, authorizes the court, in its discretion, to compel a reply to new matter contained in an answer and set up as a defense by way of avoidance, and this discretion ought to be exercised where the new matter is of such a character as to indicate that, if true, it will constitute a complete defense to the action; the object being to narrow the issues to be tried and prevent surprise at the trial. Here, the new matter pleaded is of such a character as called upon the court to exercise its discretion and require a reply. If it be true that the plaintiff relies upon any facts by which he expects to avoid the apparent sufficiency of the defense, there is no reason why he should not be required to state it. This will enable the appellant to properly prepare for, lessen the expense of, and prevent surprise at, the trial.

: The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.